# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JAYSON LANCE LUTHER, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:24-cv-01100-SHM-tmp |
| ) | |
| SERGEANT CHOCHRAN, ET AL., ) | |
|    Defendants. ) | |

## ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL, DENYING REQUEST TO WAIVE FILING FEE, AND DIRECTING PLAINTIFF TO FILE A NOTICE CLARIFYING HIS REQUEST TO RESCIND COMPLAINT

On May 3, 2024, Plaintiff Jayson Lance Luther, an inmate at the Obion County Jail in Union City, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) On May 28, 2024, Plaintiff filed an amended complaint. (ECF No. 4.) On June 17, 2024, Plaintiff filed a Motion for Appointment of Counsel (ECF No. 7) and a motion for leave to proceed *in forma pauperis* (ECF No. 8). On September 23, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), and assessed the civil filing fee. (ECF No. 10.) On October 7, 2024, Plaintiff filed a second Motion for Appointment of Counsel. (ECF No. 11.)

On October 18, 2024, Plaintiff filed a letter requesting "that my complaint against Sgt. Chochran be rescinded and any filing fees in regard to the complaint be wa[i]ved." (ECF No. 12 at PageID 49.) Plaintiff asserts that "Chochran no longer works in the jail" and that Plaintiff will be leaving the Obion County Jail in "a matter of weeks." (*Id.*) Plaintiff states that he is indigent and "really can't afford to lose even 80% of what I get." (*Id.*)

I.   **APPOINTMENT OF COUNSEL**

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id*.

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *see Lavado*, 992 F.2d at 60405. A court generally will appoint counsel only in "exceptional circumstances." *Id*. at 60506; *accord Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). To determine whether a case meets this standard, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").

Plaintiff seeks appointment of counsel because his imprisonment "will greatly limit his ability to litigate" and because the issues in the case are complex and will require research and investigation. (ECF No. 7 at PageID 25.) Plaintiff asserts that he has contacted lawyers, but he has not received a response. (*Id.*; *see* ECF No. 11 at PageID 44.) Plaintiff contends that a trial

will involve conflicting testimony and that counsel would be better able to present evidence or cross-examine witnesses. (*Id.* at PageID 43.)

After considering Plaintiff's motions for appointment of counsel, including the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim, counsel is not necessary at this time to ensure Plaintiff's claims are fairly heard. *See Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The issues in this case are not complex, and the complaint's assertions do not demonstrate exceptional circumstances warranting appointment of counsel at this time. *See Kennedy v. Doyle*, 37 F. App'x 755, 757 (6th Cir. 2002). That Plaintiff has no formal legal education is not an exceptional circumstance that warrants the appointment of counsel in a civil case. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605–06). Plaintiff has filed a coherent complaint and amended complaint alleging facts in support of his constitutional claims. From these filings, it appears that Plaintiff can prosecute his claims. Like all prisoners proceeding *pro se* before the Court, Plaintiff must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. The Court cannot act as counsel for Plaintiff. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants).

Plaintiff's motions (ECF Nos. 7 and 11) do not demonstrate exceptional circumstances warranting appointment of counsel. The motions are DENIED, subject to Plaintiff's right to re-file an application for counsel if the case proceeds.

## II. REQUEST FOR WAIVER OF FILING FEE

Plaintiff has requested that the Court waive any filing fees because he is indigent and cannot afford the payments. (ECF No. 12 at PageID 49.) In the Court's September 23, 2024 order, Plaintiff was told that the obligation to pay the civil filing fee accrues at the moment the case is filed, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013). (*See* ECF No. 10 at PageID 40.) The PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *McGore*, 114 F.3d at 604; *see Bruce v. Samuels*, 577 U.S. 82, 84-85 (2016) (addressing payment of fees under 28 U.S.C. § 1915(b)(1)). The Court cannot alter the terms for payment of the civil filing fee required under the PLRA.

Plaintiff's request to waive the filing fee (*see* ECF No. 12) is DENIED.

## III. REQUEST TO RESCIND THE COMPLAINT

Plaintiff has requested that the Court rescind the complaint against Chochran and waive any filing fees. (ECF No. 12 at PageID 49.) Plaintiff has named Chochran, Sgt. Dorton, and the Obion County Jail as defendants. (*See* ECF No. 1 at PageID 1-2; *see* ECF No.4 at PageID 9-10.) Plaintiff does not say whether he seeks to dismiss all claims against all defendants or whether he only seeks to dismiss the claims against Chochran. From Plaintiff's letter, it appears that he seeks dismissal because he does not want to pay the fee installments under the PLRA. However, as stated above, the Court cannot waive those payments. For these reasons, the Court cannot dismiss the complaint without additional information.

Plaintiff is **DIRECTED** to file a notice with the Court within thirty (30) days of entry of this Order stating: (1) whether he seeks to dismiss this case in its entirety; or (2) to proceed with

4

his claims. Failure to comply with the Court's Order in a timely manner may result in dismissal of this case for failure to prosecute under Fed. R. Civ. P. 41(b).

IV. **CHANGE OF ADDRESS**

Plaintiff represents that he will be leaving the Obion County Jail. (*See* ECF No. 12 at PageID 49.) If Plaintiff is transferred to a different facility or released, Plaintiff is **ORDERED** to notify the Court immediately, in writing, of a change of address.

If Plaintiff fails to abide by these or any other requirements of this Order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this *2nd* day of December, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE